## HARKIN VS. BOARD OF COMMISSIONERS
### (No. 1109, January 22nd, 1924; 222 Pac. 35.)

Constitutional   Law—Reserved   Questions—Answers—Former
Case Adopted—Tax Exemptions—Statutes.

1.  Where constitutional questions reserved and answered in
    a former case are the same in substance as those in a
    present case, the answers there returned will be adopted.
2.  As applied to one seeking to exempt his lands from taxa-
    tion, Laws 1921, c 50 Sec. 1, amending Comp. Stats. 1920
    Sec. 2753, subds. 4, 5, so as to exempt from taxation prop-
    erty of veterans of the Spanish-American and World
    Wars, held not to violate Const. U. S. Art. 4, Sec. 2, or
    Amendment 14, Sec. 1, protecting the privileges and im-
    munities of United States citizens.

On Reserved Constitutional questions from District
Court, Niobrara County; William A. Riner, Judge.

Petition by John F. Harkin before the Board of Com-
missioners of Niobrara County, to secure exemption from
taxes. From an order denying exemption, petitioner ap-
peals, and the District Court reserved important and diffi-
cult constitutional questions for answers by the Supreme
Court.

*John F. Harkin,* pro se.

The controversy involves the validity of Chapter 50, Laws
1921, other than that portion of the Statute included in a
proviso making the exemption operative only as to resi-
dents of the State.  The claim not being by a non-resident,
the validity of the proviso cannot be raised.  Brown v. O.
V. R. Co. 79 Fed. 176; Red River Co., v. Craig, 181 U. S.
548; U. S. v. Moriarity, 106 Fed. 886; Estate of Johnson,
96 A. M. R. 96; Even though the point would be proper if
urged by a non-resident.  26 R. C. L. 206; In re Mahoney,
133 Cal. 532; In re Johnson, 73 Pac. 424, 127 A. S. R. 1050
and note.  Const. U. S. Art. IV, Sec. 2; Blake v. McClung,
172 U. S. 239; Ward v. Maryland, 12 Wall. 418.  The State

may appropriate money to encourage enlistment in war time or to encourage loyalty and patriotism thereafter. 26 R. C. L. 68, Kingham v. Brockton, 11 L. R. A. 123; Op. of Jus. 49 L. R. A. 564. The State may provide for tax exemption by general law. Art. XV Sec. 12 Const. The nature of general laws is well understood. Grays Lim Tax. Power 1728; McGarvey v. Swan, 17 Wyo. 139. The Statute under consideration is a general law. Power to prescribe property that is taxable, implies power to prescribe exempt property. Wis. Cent. Ry. Co., v. Taylor Co., 52 Wis. 37, Const. Art. XV, Sec. 12; Shaw v. Marshalltown, 10 L. R. A. (NS) 831. Invalidity of a Statute must appear beyond reasonable doubt. 8 R. C. L. 99. Laws applicable to a class and not to others are valid. 6 R. C. L. 375. Tax exemption for military service are permissable. Broadhead v. Milwaukee, 19 Wis. 652; State v. Johnson, 7 A. L. R. 1625. Bonus Legislation has been sustained. State v. Johnson (Wis.) 175 N. W. 589, 7 A. L. R. 1617; Op. of Just. 211 Mass. 608, 98 N. E. 338; State v. Handlin (S. D.) 162 N. W. 397; State v. Clausen, (Wash.) 194 Pac. 793; the exemption is justified under Art. XV, Sec. 12 Const.

*E. Paul Bacheller* for Appellee.

It is true that laws providing for the payment of a bonus or adjusted compensation for military service have been passed and upheld in several States, payments being based upon length of service. This classification is doubtless just and reasonable. Wyoming is the only State compensating its veterans by tax exemption; this law discriminates in favor of property owners and does not discriminate as to length of service; they who own no property receive nothing, thus constituting an invalid classification. People v. Bank, 231 N. Y. 465, 15 A. L. R. 1356. The Statute violates Art. IV, Sec. 27; Art. III; Art. I, Sec. 34 and Art. XVI, Sec. 6 of the Constitution. It is an amendment of Section 2753 C. S. 1920. The Statute discriminates in favor of residents of the State. Sprague v. Fletcher, 69 Vt. 74, 37 L. R. A. 840. It is therefore void. Wiley v. Parmer, 14

Ala. 627; Gleason v. Ins. Co. 189 N. Y. 100, 81 N. E. 777, and violates Art. IV, Sec. 2, U. S. Const., 71 Pac. 576. The attempted classification is void. Art. III, Sec. 27, Wyoming Const., State v. Sherman, 18 Wyo. 176. Its object was to provide a bonus for property holding ex-service men and women, but none other; it creates a class within a class. City v. Anderson, 117 A. L. R. 825. It denies equal protection of the laws, State v. Garbroski, 82 A. S. R. 524 111 Ia. 476; Brown v. Russell, 166 Mass. 14, 43 N. E. 1005. It favors the owner of property only. State v. Shedrol, 75 Vt. 277; McLendon v. State, 179 Okla. 54; Adams v. Standard Oil Co., 97 Misc. 879, 53 So. 692. Moreover the benefits are not uniform in that they are governed by the rate of taxation applied in the particular locality, for example, the exemption of city property as compared with property in a small village or remote country district. This Statute does not exempt property but persons, and, thus exceeds Constitutional authority; Art. XV, Sec. 12; Cooley Const. Lim. 739; there is no classification of property exempted by the Statute, yet the power to exempt is restricted to property. Art. XVI, Sec. 12. Const. That which cannot be done directly, cannot be done indirectly. All property, except as otherwise provided shall be uniformly assessed for taxation. Art. XVI, Sec. 11 Const. Rights of individuals must be governed by the same rule or law, that govern others; special burdens cannot be imposed. Millett v. People, 117 Ill. 294, 7 N. E. 631; People v. Township, 20 Mich. 452.

POTTER, Chief Justice.

This case is here on constitutional questions reserved for our decision by the district court sitting in Niobrara County, in a case in that court on appeal from an order of the Board of Commissioners of said county denying on constitutional grounds the right of appellant to an exemption under what is known as the Soldiers Exemption statute of 1921. (Laws 1921, Ch. 50.) The several questions, with a single exception, are the same in substance as those considered by this court in Fox v. Armitage, County Treas.

(Wyo.) 212 Pac. 771, in answering which the said statute, after due. consideration, was held valid and not to violate either of the constitutional provisions involved in the reserved questions. It is unnecessary to again state the reasoning upon which the conclusion was based; we remain satisfied with the answers returned in that case, and to each similar question in this case, a like answer will be returned, viz: that the statute does not violate either of the provisions of the state constitution mentioned in the order reserving the cause to this court.

The question not considered in the Fox-Armitage case, but reserved for our decision in this case is: Does the statute, as far as appellant is concerned, violate Section 2 of Article 4 of the constitution of the United States, or Section 1 of the 14th Amendment to that Constitution? We think a negative answer must be returned to that question also, basing it upon the reasons and principles controlling the decision in the Fox-Armitage case, and the companion case of State ex rel vs. Snyder, State Treasurer, 212 Pac. 771 disposed of by the same opinion.

BLUME and KIMBALL, JJ., concur.

NOTE—See 15 C. J. p. 919; 37 Cyc. 889.